ZAWACKI, Appellant, vs. GOOD SAMARITAN HOSPITAL, Re-
.spondent.

*April 30—May 21, 1918.*

*Hospitals: Physicians and surgeons: Negligence: Injury to patient:
Questions for jury: Damages: New trial: Appeal: Questions
raised: Milwaukee civil court.*

1. Upon the evidence in this case the question whether any injury to
plaintiff's health was proximately caused by negligence of the
attendants in the defendant hospital, or whether the injuries
complained of are attributable to ailments with which plaint-
iff had been afflicted a long time before she entered the hos-
pital as a patient, is *held* to have been one for the jury.
2. An appeal from an order of the circuit court reversing a judg-
ment of the Milwaukee civil court and granting a new trial in
the circuit court does not bring before the supreme court for
review a previous order of the circuit court denying a motion
to dismiss the appeal from the civil court to the circuit court.
3. In an action against a physician and a hospital for injury to the
health of a patient, where the jury found that plaintiff was in-
jured by the treatment given her by each defendant and that
negligence of each' defendant was a proximate cause of the in-
jury, and assessed her damages, but after verdict the trial
court correctly held that the physician was not negligent, a
new trial was necessary, it being manifest that a part of the
damages awarded were for the injury which the jury found
was produced by the physician's treatment.

APPEAL from an order of the circuit court for Milwaukee
county: E. T. FAIRCHILD, Circuit Judge.    *Affirmed.*

The appeal is from an order reversing a judgment of the
civil court of Milwaukee county in favor of the plaintiff in
the sum of $1,500, and granting a new trial in the circuit
court.

The plaintiff brought action to recover damages from Dr.
Albin A. Krygier and the defendant hospital for injuries to
her health alleged to have been caused by negligence in care
of her while she was a patient at the institution.

Her complaint alleges, in substance, that on and prior to

the 12th day of March, 1916, the plaintiff, a married woman in pregnant condition, consulted the defendant Albin A. Krygier as to a suitable hospital to go to for confinement; that Dr. Krygier advised going to the *Good Samaritan Hospital;* that the plaintiff was a patient at that institution for a number of days, during which time she was mistreated both by reason of the physician's failure to leave instruction as to a proper diet and to care for her and also by reason of neglect on the part of the hospital attendants to care for her and her child, causing permanent injury to the health of the plaintiff. More particularly the complaint alleges: That on arriving at the hospital the patient was, against her wishes, placed in a public ward; that later she was moved to a private room which was unheated; that insufficient bed clothes were provided by the hospital so that she became chilled; that the nurses allowed her on several occasions to remain for hours in cold, water-soaked bedding in spite of her requests that they change the bed clothes; that while irrigating her they left the windows of the room open, exposing her person to chill winds; that on the second day after the birth of her child she was improperly fed; that the nurses persisted in harassing and annoying her by refusing to bring her child to her; that the child was kept a great portion of the time in a bathroom which diseased persons were accustomed to use and where the pans of the hospital were emptied; that this resulted in a heavy cold to the patient, from which she has never recovered, and caused her great nervous suffering.

The answer of Dr. Krygier denied that at any time he was guilty of misfeasance or malfeasance or that he had any knowledge of any mistreatment on the part of the hospital such as plaintiff's complaint alleges. He further denied that either patient or her child received any infection or injuries while at the hospital.

The answer of the defendant *Good Samaritan Hospital* also denied all charges of negligence or malfeasance.

The case was tried before the court and a jury. A special verdict was returned in which the jury found that the plaintiff sustained injury in consequence of the treatment given her at the hospital; that the hospital was guilty of negligence in the course of its treatment; that this negligence was a proximate cause of the patient's injury; that the plaintiff sustained injury in consequence of the treatment given her by Dr. Krygier; that he was guilty of negligence, and that such negligence was a proximate cause of the plaintiff's injury; that no want of ordinary care on plaintiff's part was a proximate contribution to her injury; and assessed the plaintiff's damages in the sum of $1,500.

The plaintiff moved for judgment on the verdict. The defendant moved for a judgment for the *Good Samaritan Hospital* upon the merits, notwithstanding the verdict, and asking, in event that the court denied the motion, that answers to certain questions be changed by the court; that in event these motions be denied the special verdict be set aside and a new trial granted.

The court changed the jury's answer finding Dr. Krygier guilty of negligence and that this negligence was a proximate cause of plaintiff's injuries, and dismissed plaintiff's complaint as against Dr. Krygier, and denied the motions of the defendant *Good Samaritan Hospital.* Judgment was entered accordingly, Dr. Krygier recovering his costs from the plaintiff.

The defendant appealed to the circuit court for Milwaukee county. Motion by the plaintiff to dismiss the appeal was denied. Upon the motion of the defendant *Good Samaritan Hospital* to set aside the judgment of the civil court and award judgment to dismiss the complaint upon the record and the files, the circuit court entered an order reversing the judgment of the civil court on the ground of prejudicial error and granting a new trial in the circuit court. Appeal is taken from this order.

For the appellant there was a brief by *Raymond J. Cannon,* and oral argument by *Mr. Cannon* and *Mr. W. L. Gold,* both of Milwaukee.

For the respondent there was a brief by *Robert R. Freeman,* attorney, and *Henry J. Bendinger,* of counsel, both of Milwaukee, and oral argument by *Mr. Bendinger.*

Siebecker, J.    The defendant *Good Samaritan Hospital,* upon the return made by the civil court on appeal to the circuit court, moved to vacate the judgment awarding plaintiff recovery of the damages found by the jury in the civil court and that judgment be directed upon the record dismissing plaintiff's complaint.    It is claimed that the plaintiff is not entitled to recover in this case for the reason that any negligence on the part of the hospital agents and servants is not shown to be the proximate cause of the injuries complained of by the plaintiff.    This claim is based on the contentions (1) that the evidence fails to show that the plaintiff is afflicted with tuberculosis; (2) that the evidence discloses that the injuries complained of are attributable to ailments with which the plaintiff had been afflicted a long time prior to the time she entered defendant's hospital.    The evidence bearing on the question of plaintiff's being afflicted with tuberculosis is very meager and indefinite and may be different on a retrial of the case.    We deem it proper that this phase of the controversy be left for determination upon the evidence as it may appear upon a retrial of this issue.

It is contended that it is without dispute that the plaintiff had a goiter before Dr. Krygier treated her prior to her entrance into the hospital, and that his evidence shows that this affliction is the exciting cause of plaintiff's alleged nervousness, and hence it necessarily was a mere conjecture of the jury to find that the nervousness complained of resulted from the treatment she received at the hospital.

We cannot say upon the evidence presented, as a matter of

law, that the goiter affliction is the exciting cause of the nervousness plaintiff claims resulted from the alleged mistreatment charged in the complaint, nor is the contention of the defendant, that there is no credible evidence in the case tending to show that the alleged negligence of the hospital attendants is the proximate cause of any injury to plaintiff's health, sustained by the record.   This was a proper inquiry for the jury to determine, and the trial court's ruling on this point must stand.   The claim that the damages are excessive cannot properly be determined upon this appeal in view of the fact that a new trial of the case must be had.

The plaintiff insists that the circuit court erred in denying her motion to dismiss defendant's appeal of the case from civil court to the circuit court.   It appears that judgment was entered in the civil court March 12, 1917, and that the defendant on March 16th served the required notice, affidavit, and undertaking for an appeal from this judgment to the circuit court, and filed the same in the civil court on March 19th, and that the return of the civil court pursuant to such appeal proceeding was made May 18th, showing that the clerk's fees were paid on that day.   On May 25th the circuit court, upon plaintiff's application, made an order requiring the defendant to show cause before the court on June 2d why the appeal to the circuit court should not be dismissed for failure to pay the clerk's fees in the civil court within twenty days after service of the notice of appeal of the case to the circuit court as required by the provisions of ch. 320, Laws 1913.

This motion was heard in the circuit court upon affidavits and an order was made July 19, 1917, denying the motion to dismiss the appeal.   On October 15, 1917, the circuit court entered an order upon defendant's motion reversing the judgment of the civil court awarding plaintiff recovery of damages and costs and directing that the action should be tried before a jury as if originally brought in the circuit court, upon the ground that the defendant had not had a fair trial in the civil court and that substantial justice cannot be done

and the rights of the parties cannot otherwise be preserved or protected. The plaintiff took this appeal from the order reversing the civil court's judgment and granting a new trial of the action in the circuit court.

This appeal is necessarily restricted to a review of this order and cannot embrace any other order by the circuit court in a separate proceeding, such as the motion for dismissal of the appeal above referred to. Nor can this court, upon the return of the civil court record, entertain the suggestion that the circuit court thereby acquired no jurisdiction of the case, since there was a separate and independent proceeding in circuit court to have the appeal from the civil court dismissed, which is supplementary to the return of the civil court on the question involved in such motion.

It is considered that the order of the circuit court refusing to dismiss the defendant's appeal from the judgment of the civil court is not before this court upon the appeal from the order of the circuit court reversing such judgment and granting a new trial in the action.

It is further contended by the plaintiff that the circuit court erred in granting a new trial, since the complaint against Dr. Krygier was dismissed for the reason that the evidence shows he was not guilty of any negligence contributing to the injuries plaintiff complains of. By the fourth question of the special verdict the jury found that Dr. Krygier's treatment of plaintiff was injurious and that such treatment proximately contributed to cause the injury.

The civil court after verdict correctly held that the doctor was not negligent in his treatment. It is manifest that the jury awarded her some damages for the injury they found the doctor's treatment produced. The circuit court held that this state of the case required that a new trial be granted in order that substantial justice be done and the rights of the parties be preserved and protected. We are of the opinion that this ruling was just and proper.

*By the Court.*—The order appealed from is affirmed.